UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

D.R.C.,

        Plaintiff,

v.                                            Case No. 18-C-186

John Schaeffer,

        Defendant.

---

## SCREENING ORDER

---

The plaintiff, who is currently serving a state prison sentence at Stanley Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. On February 9, 2018, the court granted Plaintiff's motion for leave to proceed without prepayment of the full filing fee. The court also screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a). The court found Plaintiff's complaint to be untimely, but granted Plaintiff leave to amend his complaint to show that it was timely. This matter comes before the court for screening of Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A(a).

### SCREENING OF THE AMENDED COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504

U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that in June of 2004, he was sexually assaulted twice by Defendant. Plaintiff was sixteen at the time of the assault and Defendant was a cook at the Ethan Allen School, where Plaintiff was confined. Plaintiff did not report the assault for fear of being viewed as a homosexual and suffering gang violence. On January 3, 2011, Plaintiff filed an Inmate Complaint about the incident, which was denied as moot because it had already been investigated internally and externally. He appealed the decision, which was affirmed for mootness. On January 10, 2014, Plaintiff inquired as to whether he had exhausted his administrative remedies and on January 24, 2014, he was informed that he had. However, Plaintiff waited until January 17, 2018, to file this claim under 42 U.S.C. § 1983 claim, which was nearly fourteen years after the events, twelve years after he turned 18 years old, and over seven years after acknowledging that he may have a claim by filing his inmate complaint.

2

## THE COURT'S ANALYSIS

Plaintiff's amended complaint must be dismissed because it is facially untimely and Plaintiff has offered no basis for equitable tolling. Plaintiff's amended complaint is substantively identical to his original complaint. Plaintiff also includes a brief in support of his ability to bring forth a claim. Rather than establish or argue for equitable tolling, Plaintiff alleges that his ability to bring a claim is governed by Wisconsin Statute § 893.587, which allows child victims of sexual assault the ability to bring a Wisconsin tort suit until the age of thirty-five. Therefore, because he is not yet thirty-five, Plaintiff asserts that his claims are timely.

However, Wisconsin Statute § 893.587 provides the statute of limitations for bringing a claim in Wisconsin state courts; it does not provide the statute of limitations for bringing suit in federal court. Plaintiff has alleged a violation of his constitutional rights pursuant to 42 U.S.C. § 1983 and, as explained in the court's first screening order, § 1983 claims are subject to a six-year statute of limitations in Wisconsin. *Gray v. Lacke*, 885 F.2d 399, 407 (7th Cir. 1989). The Supreme Court has explained that for § 1983 claims a federal court must apply the general statute of limitation that governs all personal injury actions within that state, regardless of the type of § 1983 claim and regardless of the other statutes of limitations that a state may provide. *Id.* (citing *Wilson v. Garcia*, 471 U.S. 261 (1985)); *see generally Owens v. Okure*, 488 U.S. 235, 244 n. 8, 245 (1989) (noting that Wis. Stat. § 893.587 is one of Wisconsin's multiple intentional tort statutes of limitation and explaining that although many states have multiple statutes of limitations, most states have only one general statute of limitations governing personal injury actions, and explaining that applying the general statute of limitations would lessen confusion as to which statute of limitations was applicable). Thus, the statute of limitations for Plaintiff's federal § 1983 claim was six years and his

claim cannot be saved by Wisconsin Statute § 893.587. *See, e.g.*, *Winston v. Pamela H.*, No. 16-cv-610-jdp, 2016 U.S. Dist. LEXIS 153191, at *2 (W.D. Wis. Nov. 4, 2016) (holding that Wis. Stat. § 893.587 does not alter the six year statute of limitations for § 1983 claims in Wisconsin); *Rodriguez v. Wineski*, No. 05-C-059-S, 2005 WL 1587974, at *2 (W.D. Wis. July 6, 2005) (applying the six-year statute of limitations). Plaintiff's claims arose fourteen years ago and Plaintiff has asserted no basis for equitable estoppel. Because of this, Plaintiff's claims must be dismissed as untimely.

Plaintiff correctly notes that untimeliness is typically an affirmative defense and, therefore, defendant bares the burden of raising it. However, a "district court must dismiss a suit at screening if it is frivolous, see 28 U.S.C. § 1915(e)(2), and in doing so may rely on an affirmative defense that is apparent and unmistakable from the complaint's face." *Briggs-Muhammad v. SSM Healthcare Corp.*, 567 F. App'x 464, 464 (7th Cir. 2014). The untimeliness of Plaintiff's complaint is apparent from its face, and thus his complaint is frivolous and must be dismissed. *See* 28 U.S.C. § 1915(e)(2). In deeming Plaintiff's complaint frivolous, the court is not declaring the merits of Plaintiff's allegations to be frivolous, because Plaintiff's allegations are very serious. Rather, the court is only declaring that Plaintiff's federal complaint is legally frivolous because it is barred by the statute of limitations. As noted by Plaintiff, he is entitled to bring a claim under Wisconsin Statute § 893.587 until he turns thirty-five; however, those claims must be brought in state court, not federal court.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) as frivolous.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

4

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Green Bay, Wisconsin this   7th   day of March, 2018.

> s/ William C. Griesbach
> William C. Griesbach, Chief Judge
> United States District Court

---

This order and the judgment to follow are final. The plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If the plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If the plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.